**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

PRICILLA SARAF,                                                  :
                                                                :
                                        Plaintiff,              :       Civil Case No. 16 Civ. 1425 (VSB)
                                                                :
                        v.                                      :
                                                                :
WEST PUBLISHING CORPORATION d/b/a                               :
THOMSON REUTERS,                                                :
                                        Defendant.             :
                                                                :
                                                                :
                                                                :
---------------------------------------------------------------X

**MOTION *IN LIMINE* BY PLAINTIFF TO PRECLUDE THE TESTIMONY**
**AT TRIAL OF DEFENDANT'S MEDICAL EXAMINER STUART KLEINMAN**

**WIGDOR LLP**

Jeanne M. Christensen
Tanvir H. Rahman
Taylor J. Crabill

85 Fifth Avenue
New York, New York 10003
Phone: (212) 257-6800
Facsimile: (212) 257-6845

*Counsel for Plaintiff*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

I.     DISCUSSION OF RECORD ........................................................................................1

II.    ARGUMENT ...............................................................................................................2

    A.    Kleinman Should Be Precluded From Testifying .....................................................2

    B.    Under FRE 702, Kleinman's Testimony Must Be Precluded ...................................3

    C.    Kleinman's Testimony Should Be Precluded Because He Based His
          Opinion About Emotional Distress Damages Through the Use of
          Inadmissible and Irrelevant Information ..................................................................5

          i.    Any Testimony by Kleinman About Ms. Saraf's Husband's Career and
                 Income Should Be Precluded .......................................................................6

          ii.   Any Testimony About Ms. Saraf's Sex Life Should Also Be Precluded ....7

    D.    Kleinman Bases His Opinion On Unreliable Sources and  Inadmissible
          Hearsay and His Testimony Should Be Precluded ..................................................8

III.   CONCLUSION............................................................................................................9

# TABLE OF AUTHORITIES

## Cases

Baker v. Urban Outfitters, Inc.,
   254 F.Supp.2d 346 (S.D.N.Y. 2003)............................................................................ 3

Bourjaily v. United States,
   483 U.S. 171 (1987)..................................................................................................... 3

Daubert v. Merrell Dow Pharms., Inc.,
   509 U.S. 579, 113 S.Ct. 2786 (1993) ......................................................................... 3

Gierlinger v. Gleason,
   160 F.3d 858 (2d Cir. 1998)......................................................................................... 6

Murray v. Town of Stratford,
   No. 11 Civ. 629 (JGM), 2014 WL 3700982 (D. Conn. July 25, 2014) ...................... 7

Zippo Mfg. Co. v. Rogers Imports, Inc.,
   216 F. Supp. 670 (S.D.N.Y. 1963)............................................................................. 8

## Other Authorities

Fed. R. Evid. 401 ................................................................................................................. 5, 7

Fed. R. Evid. 402 ................................................................................................................. 5, 7

Fed. R. Evid. 403 .............................................................................................................. 3, 6, 7

Fed. R. Evid. 801(c) ................................................................................................................ 8

Fed. R. Evid. 803 ................................................................................................................... 8

Fed. R. Evid. 702 ................................................................................................................ 2, 3

Plaintiff Pricilla Saraf ("Plaintiff" or "Ms. Saraf") by and through her undersigned counsel, hereby submits this motion *in limine* to preclude Defendant West Publishing Corporation d/b/a Thomson Reuters ("Defendant" or "Thomson Reuters") from calling Stuart Kleinman, M.D. ("Kleinman") as a witness. Kleinman conducted an independent examination ("IME") of Ms. Saraf at the request of Defendant and questioned her about issues that are not related to her claims of pregnancy discrimination, retaliation/interference with her rights under the Family Medical Leave Act ("FMLA"), or the emotional distress caused by her unlawful termination. Kleinman used information that is inadmissible at trial, as well as unreliable hearsay to formulate his opinion about whether Ms. Saraf's termination by Defendant caused her emotional distress damages. Moreover, much of the inadmissible information relied on by Kleinman is irrelevant and highly prejudicial to Ms. Saraf. If the jury is permitted to hear Kleinman's testimony as previewed in a written report ("Report") that he prepared for Defendant's litigation purposes, Ms. Saraf will be denied a fair and impartial adjudication of her claims.[1]

## I.      DISCUSSION OF RECORD

Defendant intends to call Kleinman to testify at trial about Ms. Saraf's emotional distress damages caused by her unlawful firing. Plaintiff anticipates that through Kleinman's testimony, Defendant will attempt to minimize Ms. Saraf's emotional distress damages and otherwise argue that her emotional distress was caused by factors outside of her discriminatory termination. Based on multiple statements expressed in Kleinman's Report made for purposes of litigation, it is obvious that Defendant will seek testimony from Kleinman about a number of topics that are highly prejudicial and irrelevant to Ms. Saraf's legal claims and resulting emotional distress

---

[1]      Plaintiff filed a motion *in limine* to preclude Kleinman's highly prejudicial and unreliable Report, a copy of which Plaintiff has submitted to the Court for an *in camera* review given its highly sensitive and personal contents. Dkt. No. 144.

damages.  Defendant intends to introduce irrelevant evidence about such issues as Plaintiff's husband's job, his income, whether they own more than one home, her family's finances and her vacation history.  Defendant intends to disparage Ms. Saraf and poison the jury's perceptions about her claims by suggesting, *inter alia*, that she does not need or deserve monetary damages for what Defendant did to her.  This information is irrelevant as to whether Ms. Saraf was terminated by Defendant because of unlawful pregnancy discrimination and whether Defendant's conduct caused her emotional distress.  Based on the content of the Report as detailed in a separate motion *in limine*, (Dkt. No. 144), it is clear that Kleinman used unreliable, inadmissible and irrelevant information to arrive at his opinion about Ms. Saraf's emotional distress damages. Kleinman's testimony is unreliable and should be precluded in its entirety.[2]

**II.     ARGUMENT**

**A.     Kleinman Should Be Precluded From Testifying**

Defendant hired Kleinman to examine Ms. Saraf and prepare the Report for litigation purposes.  On August 19, 2017, Kleinman questioned Ms. Saraf for more than five hours. Defendant intends to call Kleinman at trial to testify about his medical opinion of Ms. Saraf's emotional distress damages.

The Court decides whether expert testimony is admissible under Rule 702 of the Federal Rules of Evidence ("FRE"):

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and

---

[2]       In the event the Court determines that Kleinman can testify, Plaintiff respectfully argues that his testimony should be narrowed to offer his opinion on her emotional distress caused from the unlawful termination based on his own examination and his review of the notes and records from Ms. Saraf's treating medical professionals.

(d) the expert has reliably applied the principles and methods to the facts of the case.

It is Defendant's burden to establish the admissibility of Kleinman's testimony under the *Daubert* framework by a preponderance of the evidence. See <u>Daubert v. Merrell Dow Pharms.</u>, Inc., 509 U.S. 579, 592 n. 10, 113 S.Ct. 2786 (1993) ("These matters should be established by a preponderance of proof.") (<u>citing</u> <u>Bourjaily v. United States</u>, 483 U.S. 171, 175–76 (1987)). Defendant must show by a preponderance of the evidence that Kleinman is qualified to render an opinion[3] and that he used reliable methodology in his assessment of Ms. Saraf.  See <u>Baker v. Urban Outfitters, Inc.</u>, 254 F.Supp.2d 346, 353 (S.D.N.Y. 2003).  Defendant cannot meet this burden and Kleinman should be precluded from testifying.

*Daubert* requires the Court to ensure that "any and all scientific testimony or evidence admitted is **not only relevant, but reliable**." <u>Daubert</u>, 509 U.S. at 589 (emphasis added).  The Court must analyze Kleinman's anticipated testimony, as previewed in his Report, pursuant to FRE 702, but also under FRE 403.  Even if Defendant meets the requirements of FRE 702, which Plaintiff disputes, the Court must also analyze Kleinman's testimony under FRE 403 and may exclude the testimony "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...." FRE 403.

### B.   Under FRE 702, Kleinman's Testimony Must Be Precluded

Kleinman failed to base his opinion on "reliable data and methodology." FRE 702. Kleinman's testimony will not "assist the trier of fact."  <u>Id</u>.   Based on Kleinman's own Report, he used data that is not admissible at trial, is based on hearsay, and irrelevant to Ms. Saraf's damages caused by her unlawful termination.  Kleinman alludes to necessary "sources of data"

---

[3]      Plaintiff is not basing her request to preclude Kleinman from testifying based on Rule 702(a) standards about his training or professional qualifications.  She argues that Kleinman failed to rely on proper information, that his testimony will not be the product of reliable principles and methods, and that he failed to reliably apply the principles and methods to the facts of the case. Rule 702(b)-(d).

for his assessment of Ms. Saraf that include "financial records associated with a home purchase in 2016 and tax returns."  Report at p. 7.  Not only have Defendant and Kleinman not shared with Ms. Saraf or her counsel what "financial records" Kleinman is referring to, no such financial records were produced by Ms. Saraf in this litigation, including any tax returns.  Knowing that such information is far outside of discovery boundaries, Defendant is attempting to gain improper discovery through Kleinman.

Information about Ms. Saraf's purported home purchase or her alleged renovations simply has nothing to do with pregnancy discrimination or the harm she experienced when Defendant fired her after learning that she was pregnant.  For obvious reasons, such a "source of data" is unreliable, not relevant and highly prejudicial to any assessment about her emotional distress damages.  Further, such alleged sources of data and any opinion Kleinman arrived at based on such information will not "assist the trier of fact." Rather, such information will prejudice Ms. Saraf and cause confusion of the issues for the jury.

Other "data sources" that Kleinman alludes to as "further necessary information" before he can provide a "medical opinion" of Ms. Saraf include her purported Facebook posts and Instagram posts.  No such evidence has been exchanged during this litigation about Ms. Saraf's Facebook or Instagram posts.  In order for Kleinman to have asked questions elicited by such posts, Kleinman must have first reviewed such information.  To date, Kleinman and Defendant have failed to produce such alleged "data" to Ms. Saraf or her counsel.  Who knows what Kleinman reviewed on the internet, but under no circumstances should he be permitted to use such information as "reliable data" and a basis for his *medical opinion* knowing the data is inadmissible.

4

Kleinman is supposed to be a medical professional testifying in his professional capacity about Ms. Saraf's psychological harm from gender discrimination – **not an individual expert on social media data**.  The Court should not permit Defendant to disparage Ms. Saraf at trial through Kleinman's anticipated testimony, and cause her to be unduly prejudiced through bald speculative assertions supported only by hearsay evidence and information not admissible at trial.

### C.    Kleinman's Testimony Should Be Precluded Because He Based His Opinion About Emotional Distress Damages Through the Use of Inadmissible and <u>Irrelevant Information</u>

Defendant hired Kleinman to examine Ms. Saraf and prepare the Report for litigation purposes.  As a threshold issue, Kleinman's opinion about Ms. Saraf in the Report was arrived at through the use of unreliable and inadmissible information.[4]  <u>See</u> Dkt. No. 144.  It is anticipated that his testimony at trial, similarly, will be about information he learned from inadmissible evidence rather than facts (and not speculation gleaned from a fishing expedition) ascertained through his five hour plus session with Ms. Saraf and his review of relevant records from her treating medical and mental health professionals.[5]

FRE 401 and 402 prohibit the admission of irrelevant evidence.   To be admissible, evidence must be relevant: (i) it must "have a tendency to make a fact more or less probable than it would be without the evidence; and (ii) "*the fact is of consequence in determining the action*."  FRE 401 (emphasis added).  Moreover, even relevant evidence will be excluded if its probative value is substantially outweighed by a danger of one or more of the following: (a) unfair prejudice; (b) confusing the issues; (c) misleading the jury; (d) undue delay; (e) wasting

---

[4]    Plaintiff does not repeat the arguments set forth in her motion *in limine* to preclude the Report.
[5]    Kleinman properly reviewed and considered any admissible medical records and notes by Ms. Saraf's own treating professionals, including her ob-gyn records extending far beyond her pregnancy status, and that of mental health professionals Elyse Weiner and Viviane Wilkens.  Both Weiner and Wilkens will testify at the trial and their medical notes and reports will be submitted to the jury.

time; or (f) needlessly presenting cumulative evidence.  FRE 403; <u>see</u> <u>also</u> <u>Gierlinger v. Gleason</u>, 160 F.3d 858, 871 (2d Cir. 1998) (recognizing that "[t]he trial court has considerable discretion in determining whether to admit or exclude evidence, and to exclude even relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice or confusion.").

<b>i.      Any Testimony by Kleinman About Ms. Saraf's Husband's Career <u>and Income Should Be Precluded</u></b>

To the extent Kleinman is permitted to testify, there is simply no basis to permit Kleinman to opine about Ms. Saraf's emotional state based on information about her husband's income.  Kleinman aggressively asked Ms. Saraf about her husband and his income during his examination in a flagrant attempt to drum up other potential sources of stress in her life.  While psychiatric examinations properly consider stressors outside of the underlying legal claims in a particular case, it is not license for a fishing expedition into the corners of a plaintiff's personal life.  Here, Kleinman repeatedly probed about issues never raised in this litigation, including at Ms. Saraf's deposition or through relevant medical records.  Faced with the reality that Ms. Saraf experienced severe emotional distress immediately and directly from the unlawful termination, Kleinman unilaterally raised highly prejudicial personal issues in the hopes of getting out from under the obvious temporal proximity of her symptoms.   Nothing in any of the medical records produced by Ms. Saraf's treating doctors even remotely relates to complaints or facts about her husband, his job, his income or their family finances.

Further, as his Report outrageously and prejudicially suggests, Kleinman improperly alludes to extraneous information not produced in discovery by either side.  In addition to the fact that Kleinman and Defendant have not produced any of the alleged information about her family's finances alluded to by Kleinman, any data about Ms. Saraf's husband's professional career and his earnings simply are not factually or legally relevant.  Such evidence does not tend

6

to prove or disprove any fact that would suggest that Ms. Saraf was fired unlawfully based on her pregnancy, nor does such evidence tend to prove or disprove any aspect of her damages.  The only effect of such information will be to confuse the jury about the legal dispute, and serve to highly prejudice Ms. Saraf before the jury.  Testimony by Kleinman on these issues must be precluded.  FRE 401-403.

Although courts hold that evidence of a *defendant's* wealth is relevant to an assessment of certain types of damages, evidence regarding a *plaintiff's* wealth is not.  See <u>Murray v. Town of Stratford</u>, No. 11 Civ. 629 (JGM), 2014 WL 3700982, at \*4 (D. Conn. July 25, 2014), <u>reconsideration denied</u>, No. 11 Civ. 629 (JGM), 2015 WL 630957 (D. Conn. Feb. 12, 2015).  Any attempt by Defendant to introduce such evidence – whether through Kleinman or another witness, must be denied.

### ii. <u>Any Testimony About Ms. Saraf's Sex Life Should Also Be Precluded</u>

This is a legal dispute about Defendant's conduct – not Ms. Saraf's conduct.  It is about Defendant's decision to fire her days after learning she was pregnant.  Despite this fact, in textbook fashion, Defendant's paid psychiatrist unilaterally asked Ms. Saraf about her sex life to obtain anticipated answers, humiliate and bully her.  Kleinman must be precluded from testifying entirely.  If he is allowed to testify, no testimony on this issue or even a *suggestion* about it should be permitted.   At no time during this litigation did Ms. Saraf raise issues about her sex life in connection with her emotional distress damages.   Aside from the harassing and irrelevant nature of Kleinman's anticipated testimony on this subject, none of the relevant medical records or notes by other professionals mentions Ms. Saraf's sex life vis-à-vis her emotional state.  Inherently, Kleinman's testimony unfairly suggests that she did.  Kleinman's manufactured opinion on the subject disqualifies him from testifying and must be precluded.

###### D.      Kleinman Bases His Opinion On Unreliable Sources and  Inadmissible Hearsay and His Testimony Should Be Precluded

Hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." See FRE 801(c).  Unless it falls into an exception under FRE 803, hearsay is deemed inadmissible because it denies the opponent of the evidence or testimony the opportunity to confront the declarant, which is particularly problematic when dealing with "statements which depend on the declarant's narrative sincerity." Zippo Mfg. Co. v. Rogers Imports, Inc., 216 F. Supp. 670, 683 (S.D.N.Y. 1963).

Unquestionably, Kleinman based his medical opinion about Ms. Saraf's emotional distress damages through reliance on facts not in evidence and hearsay.  Kleinman will offer testimony to prove the truth of the matter asserted in the hearsay, namely that Defendant believes that Ms. Saraf's emotional damages are not medically caused by the discrimination she was subjected to at Thomson Reuters, or if her damages were caused by Defendant, that her emotional distress is substantially less than alleged.

Kleinman based his opinion on evidence not admitted about what *other people* said about Ms. Saraf and what other people said about the underlying events at issue in this case.  In sum, the Report is a "factual narrative" as constructed by Kleinman that is offered to prove Defendant's claim that Ms. Saraf's emotional distress damages are minimal.  As explained in Dkt. No. 144, Kleinman generates confusing commentary and hypothetical questions and admitted speculation based on inadmissible hearsay, including summaries and quotations from deposition testimony of *other witnesses deposed in this action*.

Aside from the double hearsay components of this anticipated testimony, Kleinman repeatedly offers his own version of the underlying facts in this case throughout the Report and

likely will attempt to do so at trial.  Kleinman's storytelling narrative is unfair bolstering and offered for the truth of the matter asserted.  His testimony should be precluded for the additional reason that it will confuse the jury, cause undue prejudice and irreparable harm to Ms. Saraf and her ability to fairly litigate her claims.

### III.   CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's motion and preclude Kleinman from testifying.  To the extent the Court permits Kleinman to testify, Plaintiff respectfully requests that he precluded from testifying about highly irrelevant and prejudicial matters, including, but not limited to, Plaintiff's family's finances, and Plaintiff's sex life.

Dated: May 7, 2019
New York, New York

Respectfully submitted,

**WIGDOR LLP**

By: _____
Jeanne M. Christensen
Tanvir H. Rahman
Taylor J. Crabill

85 Fifth Avenue
New York, New York 10003
Phone: (212) 257-6800
Facsimile: (212) 257-6845
jchristensen@wigdorlaw.com
trahman@wigdorlaw.com
tcrabill@wigdorlaw.com

*Counsel for Plaintiff*